

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. 0-7119
Re: County Treasurer's
Maximum Salary,
Jefferson County.

Your letter of June 28 propounds the following questions:

"Is the maximum salary of the County Treasurer $3,600.00, as provided for under Article 3912-e, Section 19(e), all that he is entitled to receive or is it proper for him to retain personally the commissions earned from handling Navigation District, Drainage District, and Road District funds, and is it mandatory upon the Commissioners' Court of counties having a population of 20,000 or more to fix the salary of the County Treasurer on a salary basis at not more than $3,600.00 per annum?

"Our County Auditor has been presented with a bill from the County Treasurer in the amount of $4,021.73, covering his commission for receiving and handling funds of Drainage District No. 7. This commission is figured on the basis of ¼ of 1 per cent, as provided for under Article 8148, V. A. C. S., and is composed of the following items:

| | |
|---|---|
| Sale of Bonds | $1,600,000.00 |
| Accrued Interest on Bonds | 4,533.33 |
| Premium on Sale of Bonds | 4,160.00 |
| Total | $1,608,693.33 |

"It is intended that this commission of $4,021.73 be retained personally by the County Treasurer.

"The last preceding Federal Census of
Jefferson County shows the County to have
191,942 inhabitants. The County Treasurer
has been receiving and retaining personally
$50.00 per month salary from the Beaumont
Navigation District under the provisions
of Article 8221, as amended, Acts 1941 -
47th Legislature, p. 752, ch. 471, and
$600.00 per annum from Road District No. 1
as provided under Article 3943-b, V.A.C.S."

As stated in your letter, the latest preceding
Federal census applicable to Jefferson County shows the
County to have a population of 191,942. (Attorney General's
Opinion No. O-6499).

In the case of <u>Settegast v. Harris County</u>, 159
S. W. (2) 543 (in which case the Supreme Court refused a
writ of error), the Galveston Court of Civil Appeals had
before it the maximum compensation allowable to the County
Treasurer in Counties of more than 190,000 population,
under the laws existing in 1936. Section 19, Article
3912e, Vernon's Annotated Civil Statutes, declared that:

"Provisions of this Section shall apply to
and control in each county in the State of Texas
having a population in excess of one hundred and
ninety (190,000) thousand inhabitants, according
to the last preceding Federal Census."

Subsection (e) of Section 19, supra, provided that
the Commissioners Court of each such County "shall determine
annually the salary to be paid to the County Treasurer at
a reasonable sum not to exceed Three Thousand, Six Hundred
($3,600.00) Dollars per annum".

Other provisions of the officers salary law
(in accordance with the requirement of the amendment
to Section 61 of Article XVI of the Constitution) required
that all officers compensated on an annual salary basis,
account for and pay into the Officers' Salary Fund of
the county, all fees, commissions and compensations of
office other than the salary allowed them by law.

Upon review of the applicable statutes, the Court held that fees and commissions provided by law to be paid to the County Treasurer for receiving and disbursing funds of Navigation Districts and of Drainage Districts were required to be accounted for and paid over to the salary fund by a treasurer compensated on salary basis; it further held that:

"Under the above facts, we think that both the constitutional amendment and the legislative act under consideration definitely and specifically limited the amount of the salary which could be paid to the county treasurer and to his assistants, and that the compensations of James Charlton and Mrs. Settegast as county treasurers for the year 1936 were limited to the maximum salary provided in said Chapter 465 to the sum of $3,600."

In view of the lucid discussion in the Settegast case of the statutory provisions involved and the rules of law deriving therefrom, we will not assume to repeat here what the Court has covered by its opinion. We have found no statute, and have been cited none, changing the rule delineated in the Settegast case regarding the compensation of the County Treasurer in counties of the population of Jefferson County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    /Signed/
                Gaynor Kendall
                   Assistant

APPROVED JUL 22, 1946
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

GK-ms-tw

APPROVED OPINION COMMITTEE BY /s/ B.W.B.
                        CHAIRMAN